Charlene H. **SALGE**, Plaintiff,

v.

**EDNA INDEPENDENT SCHOOL DISTRICT**, Defendant.

No. CIV.A.V–02–88.

United States District Court,
S.D. Texas,
Victoria Division.

June 3, 2004.

---

**32.** *See* Dkt. # 34, p. 12.

**33.** *See* Dkt. # 17, pg. 3.

**34.** *See* Dkt. # 22, pg. 4.

Bobby D. Brown, Law Offices of Bobby D. Brown, P.C., Victoria, TX, for Plaintiff.

Christopher Gilbert, Bracewell & Patterson, L.L.P., Houston, TX, for Defendant.

## MEMORANDUM & ORDER

RAINEY, District Judge.

Pending before the Court is the Parties' Stipulation of Damages (Dkt. # 45). In their stipulation, the parties request a determination from the Court as to whether Plaintiff Charlene Salge's award for back and front pay should be offset by Salge's retirement income. After considering the stipulation, the parties' arguments, and applicable law, the Court is of the opinion that the back and front pay damage awards should NOT be offset.

### Factual and Procedural Background

This action was brought by Plaintiff Charlene H. Salge concerning alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 626, *et seq.* ("ADEA") and the First Amendment to the United States Constitution via 42 U.S.C. § 1983. Salge was employed by the Edna Independent School District ("EISD") for 33 years. At the time of her discharge, Salge was 66 years of age and worked as the high school's secretary.

On May 31, 2002, Bob Wells, Superintendent of EISD, informed Salge that she was being discharged. Salge filed this action on September 10, 2002, alleging her termination violated her free speech rights and constituted age discrimination. Salge filed a motion for partial summary judgment on her First Amendment claim on May 9, 2003. EISD responded on May 29, 2003, and filed a cross-motion for summary judgment on the same issue. On September 19, 2003, EISD filed a motion for summary judgment on Salge's age discrimination claim. On November 12, 2003, the Court granted EISD's motion for summary judgment as to Salge's age discrimination claim, denied EISD's motion for partial summary judgment as to Salge's First Amendment claim, and granted Salge's motion for partial summary judg-

ment as to her First Amendment claim. The parties' subsequently submitted a stipulation of damages. The Court now considers the issue of offset presented in the stipulation.

## Discussion

█ Under the facts of this case, an appropriate measure of damages for a First Amendment claim would be essentially the same as for an age discrimination claim. The ADEA allows the district court to grant "such legal or equitable relief as may be appropriate" to discourage age discrimination and to compensate persons affected by violations of the statute. 29 U.S.C. § 626(b); *Guthrie v. J.C. Penney Co., Inc.*, 803 F.2d 202, 209–10 (5th Cir. 1986). When compensating a plaintiff, it is within the district court's discretion to deduct social security and similar benefits from a back or front pay award. *Guthrie*, 803 F.2d at 209. "Whether retirement benefits should be offset from an award of lost wages depends on whether the benefits were provided or funded by the employer or the employee." *Johnson v. Chapel Hill Independent School Dist.*, 853 F.2d 375, 382 (5th Cir.1988) (*citing Guthrie*, 803 F.2d at 209–10).

█ In the present case, EISD insists that allowing Salge to recover both her salary and her Teacher Retirement System ("TRS") benefits would provide her with a financial windfall.[1] Salge argues that she funded her retirement income and EISD did not pay into her retirement fund. According to Salge, EISD should not receive credit for her contributions.

To support her claim, Salge provided the Court with a copy of her August 27, 2002, paycheck showing her contribution to TRS.[2] Salge also provided the Court with a copy of the TRS Benefits Handbook, which states in relevant part, "TRS pension benefits are funded by member and state contributions to the Teacher Retirement System trust fund, and by earnings on the investments of the fund."[3] The handbook also notes that in some cases, the employer may pay part of the state contribution.[4] EISD, however, provided no evidence indicating that it paid any part of the state's contribution. In fact, EISD failed to show that it made any financial contribution to Salge's retirement. *See Johnson*, 853 F.2d at 382 (declining to hold that the trial court erred in refusing to deduct retirement benefits where the defendant failed to provide evidence showing the source of those benefits). Therefore, the Court declines to reduce Salge's front and back pay awards by the amount of retirement income she has received from TRS.

## Conclusion

For the foregoing reasons, the Court is of the opinion that EISD should NOT receive an offset or credit for retirement income Salge received since her termination. A final judgment will be entered on even date herewith.

It is so ORDERED.

## FINAL JUDGMENT

In accordance with the Court's Memorandum & Order signed on this date, the Court now believes that final judgment should be entered for Plaintiff Charlene Salge. It is, therefore, ORDERED that Plaintiff recover the following from the Defendant:

1. Back pay damages in the amount of $28,937.00;

2. Front pay damages in the amount of $40,000.00;

---

1. Dkt. # 47, pg. 1.

2. Dkt. # 46, Plaintiff's Exhibit 1.

3. Dkt. # 46, Plaintiff's Exhibit 2, pg. 2.

4. Dkt. # 46, Plaintiff's Exhibit 2, pg. 2.

3. Mental anguish and emotional damages in the amount of $50,000.00;

4. Attorney fees in the amount of $36,243.75;

5. Costs in the amount of $3,500.00; and

6. Postjudgment interest on all sums awarded at a rate of 1.82% per annum from the date of this judgment until the above damages are paid in full.

This is a FINAL JUDGMENT.